BAGNERIS, J.
concurs with reasons.
It The issue presented in this matter is res nova, and I find that both parties provide reasonable and justifiable interpretations of the statute. In Louisiana, legislation is superior to any other source of law (La. C.C. article 1, Comment), and “[ljegislation is a solemn expression of legislative will.” La. C.C. article 2. The State argues that because La. R.S. 15:572.8 does not include any references to insanity acquittees and commitment that the Legislature did not intend to provide insanity acquittees with a right to compensation under the statute. The defendant presents an equally compelling argument that fairness and equal protection requires a liberal interpretation of the statute and that while the statute does not specifically reference insanity acquittees, it provides a right of action for all persons who are found factually innocent of the crime he or she was alleged to have committed. Considering the fact that defendant was committed to the East Feliciana Forensic Facility for almost twenty years, and that, his judgment of commitment was vacated immediately upon being exonerated by DNA evidence of the crimes for which he was charged, I find that defendant’s right to equal protection of the law entitles him to compensation under the statute. Accordingly, I respectfully concur in the denial of the State’s writ application.